# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00028-CV

**In the Matter of R. E. A.**

**FROM THE 98TH DISTRICT COURT OF TRAVIS COUNTY**
**NO. J-20,060, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Following his arrest for possession of marihuana, R.E.A. filed a motion to suppress. The trial court granted in part and denied in part R.E.A.'s motion. R.E.A. appeals the trial court's denial of his motion and requests that the ruling be reversed and that the adjudication and disposition be vacated. *See* Tex. Fam. Code Ann. § 56.01(n)(2) (West 2004). We will affirm the trial court's order.

### FACTUAL AND PROCEDURAL BACKGROUND

On August 12, 2003, Officer Jiménez of the Austin Police Department responded to a call that six people were smoking marihuana. Upon arrival at the scene, Jiménez recognized R.E.A. from previous encounters and recalled that a felony arrest warrant had been issued for him.

The officer handcuffed R.E.A. and asked him to identify himself. Jiménez then ran a warrant check, confirmed there was a warrant for R.E.A.'s arrest, and arrested R.E.A.

After arresting him, Jiménez asked R.E.A. if he had "anything illegal on him." R.E.A. responded that he had a blunt of marihuana in his pocket. The officer retrieved the marihuana, and the State subsequently filed a petition alleging delinquent conduct for the offense of possession of marihuana.

R.E.A. filed a motion to suppress and a hearing was held. The trial court ruled R.E.A.'s oral statements inadmissible but declined to suppress the marihuana. Directly after the suppression hearing, the trial court, with the parties consent, adjudicated the case and found R.E.A. guilty of the charged offense. The trial court subsequently ordered R.E.A. to serve his detention at the Texas Youth Commission. R.E.A. now appeals the suppression order.

## STANDARD OF REVIEW

The standard of review on a motion to suppress is a bifurcated standard. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). An appellate court must give "almost total deference to a trial court's determination of the historical facts that the record supports," especially when those fact findings are based on an evaluation of credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The same level of deference should also be accorded a trial court's rulings on mixed questions of law and fact if those decisions turn upon the credibility and demeanor of the witnesses. *Id.*; *Hayes v. State*, 132 S.W.3d 147, 151 (Tex. App.—Austin 2004,

no pet.).  However, appellate courts review *de novo* mixed questions of law and fact that do not turn on the credibility and demeanor of the witnesses.  *Carmouche*, 10 S.W.3d at 327; *Guzman*, 955 S.W.2d at 89; *Hayes*, 132 S.W.3d at 151.

## DISCUSSION

R.E.A. complains that the trial court erred in denying his motion to suppress the marihuana.  R.E.A. argues that the seizure of the contraband violated the law because the marihuana was obtained as the result of an unlawful custodial interrogation.

In declining to suppress the marihuana, the trial court concluded that the seizure of marihuana arose from a search incident to a lawful arrest based on a valid felony arrest warrant.  The Fourth Amendment to the United States Constitution and article I, section 9 of the Texas Constitution protect individuals against unreasonable searches of their persons, property, papers, and effects.  U.S. Const. amend. IV; Tex. Const. art. I, § 9.  However, upon lawful arrest, it is not unreasonable "for the arresting officer to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction." *Chimel v. California*, 395 U.S. 752, 763 (1969). When the police lawfully arrest a person pursuant to an arrest warrant, "[i]t is beyond dispute that a firearm or controlled substance found in a search incident to lawful arrest would not be suppressed." *Oles v. State*, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999).  It is the fact that an arrest is lawful that establishes the authority of a police officer to conduct a search incident to that arrest. *United States v. Robinson*, 414 U.S. 218, 235 (1973).

R.E.A. does not contest the constitutionality of searching a person incident to arrest. Instead, he contends that the seizure of marihuana from his person resulted from an illegal search and seizure performed directly in response to statements obtained during an unlawful custodial interrogation. Because the trial court suppressed R.E.A.'s statement informing Jiménez that there was marihuana in his pocket[1] and because there is no harm resulting from the suppression of the oral statement, we do not reach the issue of whether the officer's question of whether R.E.A. had "anything illegal on him" amounted to an unlawful custodial interrogation.

The State maintains that even without R.E.A.'s statements directing the officer to the contraband, the officer would have discovered the marihuana anyway. R.E.A. contends that this position amounts to a reliance on the inevitable discovery doctrine, which the Court of Criminal Appeals has expressly stated is not recognized by the Texas statutory exclusionary rule embodied in article 38.23 of the Texas Code of Criminal Procedure. *Roquemore v. State*, 60 S.W.3d 862, 871 n.12 (Tex. Crim. App. 2001); *State v. Daugherty*, 931 S.W.2d 268, 273 (Tex. Crim. App. 1996); *see*

---

[1] In his brief, R.E.A. points to a discrepancy between the district judge's order granting the suppression of his oral statement and the juvenile referee's findings of fact and conclusions of law, which include a finding that "Officer Jiménez' questioning of the respondent is justified as part of a search incident to taking the respondent into custody . . . ." R.E.A. contends that permitting a referee to contradict a district judge's order violates the separation of powers and is analogous to the constitutional prohibition against federal magistrates overturning a direct order of a federal district judge. *See United States v. Johnston*, 258 F.3d 361, 369 (5th Cir. 2001). Because the juvenile referee explicitly stated at the suppression hearing that the statements were inadmissible and because we have conducted our analysis of R.E.A.'s appeal based on the district judge's order, we decline to reach the issue of whether the juvenile referee exceeded his authority when he entered his findings of fact and conclusions of law.

4

*also* Tex. Code Crim. Proc. Ann. art. 38.23 (West 2004).[2] Because Article 38.23 does not contain an inevitable discovery exception, R.E.A. argues, the marihuana should also have been suppressed.

The inevitable discovery doctrine is an exception to the federal exclusionary rule. *See Nix v. Williams*, 467 U.S. 431, 443–44 (1984). Evidence obtained illegally is nevertheless admissible if the prosecution can establish that the same evidence would have inevitably been discovered by lawful means. *Id.* Inevitable discovery is triggered when the contraband discovered was not on the person and was hidden elsewhere. *See Roquemore*, 60 S.W.3d at 869-71. Further, inevitable discovery *assumes* that there was an illegal violation by the police that is causally linked to the ultimate recovery of the evidence. *Id.* (stolen property recovered by police after arrested juvenile escorted them to the site was inadmissible because police violated Texas Family Code by not transporting arrested juvenile to juvenile processing center "without first being taken to any other place"); *Ramirez v. State*, 105 S.W.3d 730, 745 (Tex. App.—Austin 2003, no pet.) (warrantless search of cooler containing marihuana based solely on defendant's statements was suppressed because State "failed to establish that a reasonable officer would have felt it necessary to search the cooler or the garage premises without a warrant").

---

[2] Article 38.23 states, in relevant part:

> No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

Tex. Code Crim. Proc. Ann. art. 38.23 (West 2004).

Inevitable discovery is not implicated in this case. Unlike in the *Roquemore* and *Ramirez* cases, the contraband was on R.E.A.'s person. Further, Jiménez testified that it is standard procedure by the Austin Police Department to search all suspects legally in police custody. R.E.A. was about to be searched by the officer as a routine and lawful search incident to arrest. The record therefore establishes that the custodial question of whether R.E.A. "had anything illegal on him" and R.E.A.'s affirmative response were ultimately irrelevant to the lawful search incident to arrest. R.E.A.'s sole point of error is overruled.

## CONCLUSION

We reject R.E.A.'s argument that the trial court abused its discretion in denying R.E.A.'s motion to suppress the marihuana. The search of R.E.A. by Officer Jiménez was conducted in accordance with the law. We affirm the trial court's order and its adjudication and disposition.

_____

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Affirmed

Filed: December 2, 2004

6